**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VINCENZO SALUZZO,**

                       **Plaintiff,**                 **1:10-cv-649**
                                                 **(GLS\RFT)**

        **v.**

**MAX GREENBAUM; JANE GREENBAUM;**
**THE JANEY TRUST; WHITEMAN,**
**OSTERMAN & HANNA, LLP; CHARLES**
**HAVILAND, ESQ.; JOHN HENRY, ESQ.;**
**GIOVANNA D'ORAZIO, ESQ.; STANLEY**
**CHARMOY, ESQ.; CHARMOY,**
**STOLZBERG & HOLIAN, LLP,**

                       **Defendants.**
_____
**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Vincenzo Saluzzo
Pro Se
21 Phillips Street
Amsterdam, NY 12010

**FOR THE DEFENDANTS:**

_Max and Jane Greenbaum, The Janey_
_Trust, Whiteman, Osterman & Hanna,_
_ LLP, Charles Haviland, Esq., John_
_Henry Esq., and Giovana D'Orazio, Esq._
Whiteman, Osterman Law Firm      JOHN J. HENRY, ESQ.
One Commerce Plaza, Suite 1900    GIOVANNA A. D'ORAZIO,
Albany, NY 12260                   ESQ.

*Stanley Charmoy, Esq. and Charmoy,*
*Stolzberg & Holian, LLP.*
Whiteman, Osterman Law Firm          JOHN J. HENRY, ESQ.
One Commerce Plaza, Suite 1900
Albany, NY 12260

Charmoy, Stolzberg Law Firm          ROBERT A. STOLZBERG,
233 Lewis Wharf                      ESQ.
Boston, MA 02110

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pro se plaintiff Vincenzo Saluzzo commenced this action against the above-captioned defendants, alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO).[1] (*See* Compl., Dkt. No. 1.) Pending are defendants' motions to dismiss Saluzzo's complaint pursuant to FED. R. CIV. P. 12(b)(1) and (6), (Dkt. Nos. 7, 24), and certain defendants' motion for sanctions pursuant to FED. R. CIV. P. 11, (Dkt. No. 12).[2] For the reasons that follow, the motions to dismiss are granted, and

_____

[1]18 U.S.C. §§ 1961, *et seq.*

[2]Defendants Stanley Charmoy, Esq. and Charmoy, Stolzberg & Hollian, LLP have not moved for sanctions.

the motion for sanctions is denied.

## II. **Background**

Pro se plaintiff Vincenzo Saluzzo is "a founder, Director and President of Bio Fuels Services, Corp. (hereafter BFS)." (Compl. ¶ 1, Dkt. No. 1.) Prior to the filing of this action, defendant the Janey Trust, a minority shareholder of BFS, defendant Jane Greenbaum, trustee of the Janey Trust, and defendant Max Greenbaum, director of BFS (collectively "Greenbaum defendants"), commenced an action in New York State Supreme Court, Montgomery County, seeking common law dissolution of BFS and alleging derivative claims against Saluzzo under New York State law. (*See id.* at ¶ 88; Henry Aff., Ex. B, Dkt. No. 7:1.)[3] In response to the filing of the state complaint, Saluzzo filed an answer and interposed a counterclaim for back wages. (*See* Henry Aff., Ex. C, Dkt. No. 7:1.) Soon

---

[3]Although a court's review of a 12(b)(6) motion is generally limited to the facts and allegations contained in the plaintiff's complaint, a court may properly take judicial notice of related state court proceedings "to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir 1991) (citation omitted); *see also Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (noting that a court may consider "matters of which judicial notice may be taken" in determining the adequacy of a claim under Rule 12(b)(6)); *see, e.g.*, *D'Orange v. Feely*, 877 F. Supp. 152, 156 (S.D.N.Y. 1995) (taking judicial notice of Surrogate's Court proceedings in RICO action based upon the alleged wrongdoing in the course of those proceedings).

after the Greenbaum defendants moved for summary judgment, Saluzzo filed numerous documents in the state action, including an application for an evidentiary hearing, (*see id.*, Ex. F), and a pleading-like document titled "Defendants Answer to Motion to Dissolve," in which Saluzzo sought dismissal of the state action based on his contention that "[p]laintiffs['] allegations are known to be false by them," (*see id.*, Ex. E).

On June 2, 2010, with the state action still pending—including the Greenbaum defendants' motion for summary judgment and Saluzzo's application for an evidentiary hearing and "Answer to Motion to Dissolve"—Saluzzo commenced the present action in this court alleging RICO violations against the Greenbaum defendants and several other defendants. (*See* Compl., Dkt. No. 1.) Specifically, Saluzzo has sued John Henry, Esq., Giovana D'Orazio, Esq., and Charles Haviland, Esq., all of whom are attorneys and partners in the law firm of Whiteman, Osterman & Hanna, LLP, which has also been named as a defendant (collectively "Whiteman defendants"). (*Id.* at ¶¶ 10-13.) Defendants Henry and D'Orazio represent the Greenbaum defendants in the state action, and defendant Haviland has represented them in other matters related to Saluzzo and BFS. (*See id.* at ¶¶ 10-13, Dkt. No. 1; Henry Aff., Ex. B,

4

Verified Compl. in N.Y. State Action, Dkt. No. 7:1.)  Saluzzo has also sued

Stanley Charmoy, Esq., and his law firm Charmoy, Stolzberg & Holian, LLP

(CSH), which have also represented the Greenbaum defendants in matters

related to Saluzzo and BFS, including negotiations regarding one of the

agreements between Max Greenbaum and Saluzzo that Saluzzo claims

entitles him to back wages.  (*Id.* at ¶¶ 8-9.)

Summarized, Saluzzo's complaint, which contains seven RICO

causes of action, alleges that defendants devised a scheme to "defraud

[him] of back salary due to him," by knowingly submitting or permitting the

submission of "false and perjured statements" in support of the Greenbaum

defendants' state complaint and motion for summary judgment.  (*See id.* at

¶¶ 94-180, 183-85, 188.)  Saluzzo's complaint further contends that

"[defendants] not only made, and placed in the mails, false statements prior

to and throughout the course of the state action]; but failed to notify the NY

court after being presented with evidence that these statements were false,

thereby demonstrating a pattern of racketeering activity," and that

defendants' unlawful behavior "will continue into the future for an

indeterminable period of time."  (*Id.* at ¶¶ 187, 191.)

With the exception of defendant Charmoy, who passed away during

the pendency of this action, (*see* Dkt. Nos. 22, 23), all defendants have

moved to dismiss Saluzzo's complaint under Rule 12(b), (Dkt. Nos. 7, 24).

CSH has also moved in the alternative to stay the proceedings until an

executor or administrator for the estate of defendant Charmoy is

substituted as a defendant.  (Dkt. No. 24.)  The Greenbaum and Whiteman

defendants have also moved for sanctions against Saluzzo under Rule 11

for commencing a frivolous RICO action.  (Dkt. No. 12.)

### III.  Standard of Review

The standards for judgment pursuant to Federal Rules of Civil

Procedure 12(b)(1) and (6) are well established and will not be repeated

here.  For a full discussion of the standards, the court refers the parties to

its previous opinions in *Ellis v. Cohen & Slamowitz, LLP,* 701 F. Supp. 2d

215, 217-18 (N.D.N.Y. 2010) (Rule 12(b)(6)), and *Hunt v. United States*,

No. 1:07-CV-0112, 2007 WL 2406912, at *1 (N.D.N.Y. Aug. 21, 2007)

(Rule 12(b)(1)).  As relevant to the current motion, "courts must construe

pro se pleadings broadly, and interpret them to raise the strongest

arguments that they suggest."  *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d

Cir. 2000) (italics omitted).

### IV.  Discussion

6

**A.    Standing**

Defendants first argue that Saluzzo lacks standing to maintain this action.  The court agrees.

"RICO standing is a more rigorous matter than standing under Article III."  *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) (citation omitted).  "A RICO plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation," and only when his "actual loss becomes clear and definite."  *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768-69 (2d Cir. 1994) (citations and internal quotation marks omitted).

In this case, the conduct constituting the alleged RICO violations is the making of false statements in the course of the state action.  As discussed above, Saluzzo alleges that this conduct is aimed at dissolving BFS and wrongfully depriving him of certain back wages.  However, because the state dissolution action, including Saluzzo's counterclaim for back wages, remains pending and unresolved, Saluzzo's claimed injury is speculative and indefinite.  While the state court proceedings could result in Saluzzo being denied back wages, they could also result in him being

7

granted some or all of those wages, thereby reducing or eliminating the

RICO injury now alleged.  Given this uncertainty, the court agrees with

defendants that Saluzzo lacks standing to maintain this action.  *See*

*Harbinger Capital Partners Master Fund I, Ltd. v. Wachovia Capital Mkts,*

*LLC*, 347 F. App'x 711, 713 (2d Cir. 2009) (explaining that where the extent

of "damages are still unknown," a RICO injury remains "speculative,"

"unprovable," and insufficient for purposes of RICO standing); *In re Merrill*

*Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 59 (2d Cir. 1998) ("RICO injury is

speculative when contractual or other legal remedies remain which hold out

a real possibility that ... the injury ... may be eliminated or significantly

reduced.").  And even if Saluzzo had standing to maintain this action, his

complaint would nonetheless be dismissed for the reasons that follow.

**B.    RICO Predicate Acts**

**1.    Greenbaum and Whiteman Defendants**

As the Greenbaum and Whiteman defendants correctly argue,

Saluzzo's complaint fails to state a RICO cause of action against them

because it does not allege the predicate acts necessary to comprise a

substantive RICO violation.

To state a claim for damages under RICO, a plaintiff must allege that

the defendant has violated the substantive RICO statute.  *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (citing 18 U.S.C. § 1962).  As part of that requirement, a plaintiff must allege, "the commission of *two or more acts* ... constituting a pattern ... of racketeering activity."  *Zavalidroga v. Cote*, No. 10-0492-cv, 2010 WL 3894789, at *3 (2d Cir. Oct. 6, 2010) (emphasis added) (citation and internal quotation marks omitted). "Racketeering activity" encompasses a wide variety of state and federal offenses, including murder, kidnapping, gambling, arson, robbery, bribery, and extortion.  *See* 18 U.S.C. § 1961(1).  However, "suborning perjury, perjury, filing a court action, filing a false affidavit, and giving false testimony do not constitute predicate acts within the meaning of the RICO statute."  *Speight v. Benedict*, No. 5:05-CV-542, 2007 WL 951492, at *6 n.2 (N.D.N.Y. Mar. 28, 2007); *see also Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc.*, 665 F. Supp. 2d 239, 260 n.8 (S.D.N.Y. 2009) ("Perjury is not a predicate act for purposes of RICO ...." (citations omitted)); *China Trust Bank of N.Y. v. Standard Chartered Bank, PLC*, 981 F. Supp. 282, 288 (S.D.N.Y. 1997) ("A RICO claim may not be predicated upon allegations of perjury occurring in a state court proceeding." (citation omitted)).

Similarly, while mail and wire fraud do constitute predicate acts under RICO, *see* 18 U.S.C. § 1961(1), allegations of mail or wire fraud are nonetheless insufficient to plead the necessary predicate act where the focus of those allegations is the defendant's litigation activities in pending litigation. *See, e.g.*, *Curtis & Assocs., P.C. v. The Law Offices of David M. Bushman*, No. 09-CV-890, 2010 WL 5186795, at *12-13, 16 (E.D.N.Y. Dec. 15, 2010) (collecting cases and finding that plaintiff could not rely on mail fraud as predicate act where "every mailing specified in the Complaint involve[d] the service, filing, or exchange of documents related to a pending legal action"); *Daddona v. Gaudio*, 156 F. Supp. 2d 153, 161-62 (D. Conn. 2000) (finding that complaint failed to allege mail or wire fraud where it "list[ed] a variety of ... 'predicate acts,' all of which involve[d] the filing of complaints and other legal documents"); *Nakahara v. Bal*, 97 Civ.2027, 1998 WL 35123, at *5-6, 8 (S.D.N.Y. Jan. 30, 1998) (finding that mail and wire fraud claims did not constitute predicate acts under RICO where "the gravamen of [plaintiffs'] Complaint ... [was] patently directed at [the defendant's] filing of, or participation in, the various legal actions pending against [plaintiffs]"); *Von Bulow v. Von Bulow*, 657 F. Supp. 1134, 1145 (S.D.N.Y. 1987) ("[A] complaint based on nothing more than a party's

10

filing of unjustified suits cannot fulfill the requirement that a RICO plaintiff plead a predicate act."); *see also Kashelkar v. Rubin & Rothman*, 97 F. Supp. 2d 383, 392-93 (S.D.N.Y. 2000) (rejecting contention that "the legitimate conduct of attorneys representing their clients in pending litigation ... can constitute mail or wire fraud").  As these and other courts have recognized, to hold otherwise would lead to the absurd result of "turn[ing] every state court lawsuit into a predicate for a subsequent federal RICO action," *Kashelkar*, 97 F. Supp. 2d at 392, and "usurp[ing] underlying legitimate state court litigation ... [by] inappropriately bypass[ing] the state tribunal where the action is pending and which properly controls that proceeding," *Curtis*, 2010 WL 5186795, at *15.

In this case, each of Saluzzo's seven RICO causes of action is based upon alleged acts of perjury or false statements made in the course of the New York State action.  More specifically, each cause of action focuses entirely on Saluzzo's allegations that the Greenbaum and Whiteman defendants knowingly made false representations in their state complaint and motion for summary judgment in an effort to dissolve BFS and avoid their obligation to pay Saluzzo back wages.  (*See* Compl. ¶¶ 95-96, 103, 106, 112, 116, 120, 124-25, 129, 132, 135-38, 149, 151, 166, 169, 172,

178, 179, 181-92, Dkt. No. 1.)  As described above, such allegations, even if true, do not amount to "racketeering activity" and cannot form the basis of a RICO violation.  *See Speight*, 2007 WL 951492, at *6 n.2.  And because these allegations focus entirely upon statements made in support of the pending state action, the fact that those statements may have been transmitted or sent via the mails or wires does not transform them into actionable wire or mail fraud predicates.  *See*, *e.g.*, *Curtis*, 2010 WL 5186795 at *12-16.

Further, insofar as Saluzzo's mail and wire fraud allegations could be construed to allege state law claims of abuse of process or malicious prosecution, *see Curtis*, 2010 WL 5186795, at *13-14, those claims would nonetheless fail to supply the necessary RICO predicates.  *See Daddona*, 156 F. Supp. 2d at 162 ("[A]llegations of malicious prosecution or abuse of process do not, on their own, suffice as predicate acts for a RICO violation." (citations omitted); *Nakahara*, 1998 WL 35123, at *8 (finding that allegations of mail and wire fraud relating to the filing of fraudulent documents in litigation "constitute at most an incipient claim for malicious prosecution" and "fail as a matter of law to establish the requisite predicate acts for purposes of their asserted RICO claim"); *see id.* at *7 n.7 ("The

core conclusion ... that the threat of litigation or the initiation of unjustified

lawsuits constituting malicious prosecution cannot alone form a predicate

act for purposes of RICO, has been reached by numerous courts

encountering these circumstances in this jurisdiction and others."

(collecting cases)).  To the limited extent that alleged mail and wire fraud

violations arising out of malicious prosecution or abuse of process have

been found to qualify as RICO predicate acts, those violations involved

additional allegations of extortion or some other pattern of racketeering

activity not alleged here.  *See United States v. Eisen*, 974 F.2d 246, 251-54

(2d Cir. 1992) (mail and wire fraud violations arising out of scheme by law

firm to deprive civil defendants and their liability insurers of money through

the filing of fraudulent lawsuits, bribery and intimidation of witnesses, and

the creation of false photographs, documents, and physical evidence of

accidents for use before and during trial could be RICO predicate act);

*Lemelson v. Wang Labs. Inc.*, 874 F. Supp. 430, 434 (D. Mass. 1994) (mail

and wire fraud violations in case claiming extortion of millions of dollars

through a pattern of litigation and subsequent settlement over fraudulently

obtained patents were RICO predicate act); *see also Hall Am. Ctr. Assocs.*

*Ltd. P'ship. v. Dick*, 726 F. Supp. 1083, 1097 (E.D. Mich. 1989) (finding that

plaintiff's allegations that defendants engaged in filing lawsuits and notices of lis pendens as one part of a larger extortionate scheme to obtain plaintiff's property by encumbering it with liens that made it impossible for plaintiff to sell the property to anyone other than defendant were sufficient to state a cause of action under the Hobbs Act, and thus could be considered a RICO predicate act).

Finally, insofar as Salluzzo attempts to cast his allegations as sounding in obstruction of justice, that attempt is unavailing. As defendants correctly observe, for obstruction of justice to constitute a predicate act under RICO, the alleged act must have occurred in the context of a *federal* court proceeding. *O'Malley v. N.Y. City Transit Auth.*, 896 F.2d 704, 707 (2d Cir. 1990). Saluzzo's complaint here focuses entirely on defendants' actions in the context of a *state* action. Therefore, Saluzzo cannot rely on obstruction of justice to satisfy the predicate act requirement.

Accordingly, because Saluzzo has failed to allege any qualifying predicate act of racketeering activity as against the Greenbaum or Whiteman defendants, his RICO claims against those defendants are dismissed.

**2.    Charmoy Defendants**

14

As noted above, defendant Stanley Charmoy, Esq. died during the pendency of this action.  (Dkt. No. 22, 23.)  The law firm in which Mr. Charmoy was a partner, defendant CSH, has moved to dismiss the claims against it.  (Dkt. No. 24.)  In support of its motion, CSH correctly observes that Saluzzo's claims against it are derivative in nature since they are based upon the alleged conduct of Mr. Charmoy.  (*See* CSH Mem. of Law at 2, Dkt. No. 24:1.)[4]  CSH therefore argues that since none of the conduct alleged against Mr. Charmoy is sufficient to state a claim for damages under RICO, Saluzzo's claims against it must be dismissed.  (*See id.* at 12-16.)  The court agrees.

Mr. Charmoy is named in Saluzzo's fifth and sixth causes of action. With respect to the fifth cause of action, Saluzzo alleges that Charmoy violated RICO because he knew that a statement submitted in support of the Greenbaum defendants' motion for summary judgment was false and

_____

[4]As CSH points out, only three paragraphs in Saluzzo's 192-paragraph complaint substantively mention CSH.  (*See* Compl. ¶ 8 (alleging that Charmoy is an attorney and partner in CSH), ¶ 9 (providing CSH's address and stating that the firm represented the Greenbaum defendants "in matters related to Saluzzo and BFS"), ¶ 107 (stating without explanation that "Whiteman and CSH acted as an 'Enterprise'"), Dkt. No. 1.)  Otherwise, Saluzzo's complaint makes references only to "Charmoy of CSH" and asserts no independent allegations against the firm.  (*See id.* at ¶¶ 140, 142, 146, 150, 151.)

therefore conspired to defraud Saluzzo.  (*See* Compl. ¶¶ 139-52, Dkt. No. 1.)  This allegation is somewhat puzzling, however, since, as CSH points out, Mr. Charmoy did not himself make the statement or submit it to the state court, is not a party to the state litigation, and did not represent the Greenbaum defendants in that action.  Nonetheless, even assuming the truth of Saluzzo's allegation that Mr. Charmoy somehow permitted a false statement to be filed with the state court, such an allegation, as already discussed, does not amount to racketeering activity.  Furthermore, to the extent that Saluzzo attempts to allege that Mr. Charmoy "aided and abetted" the Greenbaum and Whiteman defendants in conduct proscribed under RICO, that attempt must fail.  Put simply, because the court has already found that Saluzzo has failed to allege that the Greeenbaum or Whiteman defendants have engaged in any RICO predicate acts, it would defy logic to find that Mr. Charmoy aided and abetted those defendants in that nonexistent conduct.  For these reasons, the court agrees with CSH that Saluzzo has failed to allege in his fifth cause of action that Mr. Charmoy has engaged in any RICO predicate activity.  The court therefore grants CSH's motion, dismisses Saluzzo's fifth cause of action as against CSH, and sua sponte dismisses that cause of action as against Mr.

16

Charmoy.

Saluzzo's sixth cause of action fares no better.  Prior to the filing of the state action, Saluzzo and the Greenbaum defendants were involved in a dispute relating to Saluzzo's entitlement to back wages.  (*See* Compl. at ¶¶ 158-64, Dkt. No. 1.)  On behalf of the Greenbaum defendants, Mr. Charmoy sent two letters to BFS's counsel, which communicated his clients' position that Saluzzo was not entitled to back wages under the parties' previous agreements.  (*See id.*)  In his complaint, Saluzzo focuses on these letters in alleging that Mr. Charmoy acted in violation of RICO. First, based on his belief that he is entitled to back wages under the agreements, Saluzzo appears to allege that Mr. Charmoy made a false statement in his letter when he disputed that entitlement.  (*See id.* at ¶¶ 160-70.)  And second, as to one of the letters, Saluzzo highlights Mr. Charmoy's use of the word "coerce" to describe his perception of Saluzzo's "methods" in convincing Max Greenbaum to sign an agreement pertaining to Saluzzo's salary, seemingly contending that Mr. Charmoy misused that word as it is understood in the law.  (*See id.* at ¶¶ 164-66.)  Ultimately, Saluzzo alleges that Mr. Charmoy "should have advised [Max] Greenbaum" that Saluzzo's actions did not amount to coercion "instead of making such

an apparently false statement, which was re-alleged in [the state action] in violation of [RICO and New York's prohibition of perjury]." (*Id.* at ¶ 166.) Saluzzo claims, therefore, that "Charmoy of CSH knew that the statements were false, and as such conspired to defraud [him] in violation of [RICO]." (*Id.* at ¶ 169.)

As with Saluzzo's other allegations against Mr. Charmoy, these allegations fail to plead a RICO predicate act. Saluzzo has failed to allege any facts suggesting that the letters or the statements contained therein amounted to anything more than an attorney's legitimate efforts to represent his clients and communicate their position in the course of an ongoing dispute. Thus, the court discerns no basis to conclude that Mr. Charmoy, in disputing Saluzzo's claimed entitlement to back wages, in arguably misusing the word "coerce," or in allegedly permitting false statements to be filed in the state action, committed any conduct that could be viewed as actionable RICO activity. *See Morin v. Trupin*, 711 F. Supp. 97, 105 (S.D.N.Y. 1989) ("[L]egitimate acts of attorneys on behalf of clients cannot form the basis of a RICO claim."); *see also Carousel Foods of Am. v. Abrams & Co.*, 423 F. Supp. 2d 119, 121-23 (S.D.N.Y. 2006) (finding that an attorney's representation of a party's legal position in a contract

dispute does not violate RICO); *Paul S. Mullin & Assocs., Inc. v. Bassett*,

632 F. Supp. 532, 540 (D. Del. 1986) (characterizing as "absurd" the

"apparent suggestion that a lawyer's act in posting a letter which states a

client's legal position in a dispute can constitute mail fraud").  Accordingly,

the court grants CSH's motion, dismisses Saluzzo's sixth cause of action

as against CSH, and sua sponte dismisses that cause of action as against

Mr. Charmo.

## C.    <u>Conspiracy</u>

Saluzzo also attempts to allege RICO conspiracy claims against all

defendants.  (*See* Compl. ¶¶ 151, 169, 179, Dkt. No. 1.)  However,

because Saluzzo has failed to allege any RICO predicate acts, his

conspiracy claims must fail and are dismissed.  *Discon, Inc. v. NYNEX*

*Corp.*, 93 F.3d 1055, 1064 (2d Cir. 1996) (noting that "[a]ny claim under §

1962(d) based on conspiracy to violate the other subsections of [§] 1962

necessarily must fail if the substantive claims are themselves deficient."

(citation and internal quotation marks omitted); *First Capital Asset Mgmt. v.*

*Satinwood, Inc.*, 385 F.3d 159, 164 (2d Cir. 2004) (affirming district court's

dismissal of RICO conspiracy claim where plaintiffs failed to "adequately

allege a substantive violation of RICO").

19

**D.**    **Sanctions**

The Greenbaum and Whiteman defendants have moved for sanctions under Rule 11 against Saluzzo, arguing that his RICO claims are frivolous and were asserted with the improper purpose of harassing them in retaliation for pursuing the state action.  (Defs. Sanctions Mem. of Law at 4-6, Dkt. No. 12:1.)  While skeptical of the intentions driving Saluzzo's decision to commence this action, the court is not persuaded that sanctions are warranted in this case and therefore deny defendants' motion.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Greenbaum and Whiteman defendants' motion to dismiss (Dkt. No. 7) is **GRANTED** and Saluzzo's claims against those defendants are **DISMISSED**; and it is further

**ORDERED** that defendant CSH's motion to dismiss (Dkt. No. 24) is **GRANTED** and Saluzzo's claims against CSH are **DISMISSED**; and it is further

**ORDERED** that Saluzzo's claims against defendant Charmoy are sua sponte **DISMISSED**; and it is further

**ORDERED** that the Greenbaum and Whiteman defendants' motion

20

for sanctions (Dkt. No. 12) is **DENIED**; and it is further

     **ORDERED** that Saluzzo's complaint is **DISMISSED** in its entirety;

and it is further

     **ORDERED** that the Clerk close this case and provide a copy of this

Memorandum-Decision and Order to the parties by regular and certified

mail.

**IT IS SO ORDERED.**

February 4, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge